**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ANGELA D. WILLIAMS,**

**Plaintiff,**

**V.** **CASE NO:**

**FLORIDA DEPARTMENT OF CORRECTIONS,**

**Defendant.**
_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANGELA D. WILLIAMS, (hereinafter "Plaintiff" or "Ms. Williams"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, FLORIDA DEPARTMENT OF CORRECTIONS (hereinafter "Defendant," or "the Department") and alleges:

## INTRODUCTION

1. The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on sex/gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and its implementing Regulations, and Chapter 760 of the Florida Statutes, the Florida Civil Rights

Act of 1992, as amended, § 760.10 et seq. ("FCRA"). Plaintiff also brings this action against Defendant to recover damages for retaliation in violation of the Workers' Compensation Law, § 440.205, Florida Statutes.

2. As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her, altered the terms, conditions, and privileges of her employment because of her sex/gender, subjected a thirty-year employee to a two-step demotion, a substantial reduction in pay, the loss of her exempt status, and reassignment to a facility requiring an untenable daily commute while treating a similarly situated male employee far more favorably, constructively discharged her, and retaliated against her for filing a workers' compensation claim, all in violation of her rights under Title VII, the FCRA, and applicable Florida law.

3. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages including, but not limited to: loss of income, loss of opportunity for future income, loss of benefits, a substantially reduced pension, and loss of future pay increases. In addition, she has suffered and continues to suffer the loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction.

6. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. A substantial part of the facts and circumstances arising from this dispute took place in Polk County, Florida.

## PARTIES

8. Plaintiff is a 54-year-old female.

9. Plaintiff is a member of a class protected against discrimination and retaliation based on her sex/gender under Title VII and the FCRA.

10. During the period from on or about September 22, 1995, until June 4, 2026, Defendant employed Plaintiff, most recently as Assistant Warden of Programs at Polk Correctional Institution.

11. At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12. At all times material herein, Plaintiff was an employee entitled to protection as defined by Title VII, the FCRA, and the Workers' Compensation Law, § 440.205, Florida Statutes.

13. The Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, is a Florida state agency with its principal place of business located at 501 South Calhoun Street, Tallahassee, Florida 32399-2500, and which employed Plaintiff at Polk Correctional Institution, located at 10800 Evans Road, Polk City, Florida 33868.

14. At all times material herein, Defendant regularly conducted,

and continues to conduct, business throughout Polk County, Florida, and employs fifteen (15) or more employees.

15. At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, Title VII and the FCRA.

16. Accordingly, Defendant is liable under Title VII, the FCRA, and § 440.205, Florida Statutes, for the unlawful discrimination, constructive discharge, and retaliation to which it subjected Plaintiff as more fully alleged herein.

**ADMINISTRATIVE PREREQUISITES**

17. Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18. On July 23, 2026, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, discrimination based on sex and retaliation (EEOC Charge No. 511-2026-04450).

19. On September 18, 2026, the EEOC issued Plaintiff a Determination and Notice of Rights in reference to her Charge of

Discrimination (EEOC Charge No. 511-2026-04450) against Defendant.

20. This action is being filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue from the EEOC.

21. All conditions precedent to bringing this action have been performed, have occurred, or have otherwise been waived.

## GENERAL ALLEGATIONS

22. Plaintiff, Angela D. Williams, is a 54-year-old female who was employed by Defendant, the Florida Department of Corrections, for approximately thirty years.

23. Plaintiff began her employment with Defendant on or about September 22, 1995, as a Clerk Typist Specialist at the Central Florida Reception Center.

24. Over the course of three decades, Plaintiff advanced through the ranks of the Department, holding the positions of Word Processing Systems Operator, Correctional Officer, Classification Officer, Senior Classification Officer, and Classification Supervisor, before being promoted to Assistant Warden on December 23, 2022.

25. Throughout her approximately thirty years of service, Plaintiff's overall annual performance evaluation rating was never below "meets

expectations," and she was twice recognized as Employee of the Month.

26. Prior to the events described herein, Plaintiff had never been demoted, suspended, or placed on administrative leave.

27. At the time of her separation, Plaintiff served as Assistant Warden of Programs and earned an annual salary of approximately $97,134.18.

28. On or about November 7, 2025, Plaintiff was transferred from Zephyrhills Correctional Institution to Polk Correctional Institution, located at 10800 Evans Road, Polk City, Florida 33868, where she reported to Warden Christopher Edelen.

29. Plaintiff performed her duties diligently and, consistent with her thirty-year record, remained a qualified and capable member of the Department's leadership.

30. On or about January 7, 2026, the Department issued Plaintiff a written reprimand.

31. On April 16, 2026, Plaintiff chipped and cracked a tooth on a bone while eating lunch at a mandatory work meeting, and she filed a workers' compensation claim regarding this injury.

32. The Department's carrier denied Plaintiff's workers'

compensation claim. The tooth was damaged so severely that it could not be saved and had to be extracted on or about May 13, 2026, and Plaintiff incurred more than $900.00 in out-of-pocket costs, even with dental insurance, for the extraction, a bone graft, and a planned implant.

33. Within weeks of Plaintiff filing her workers' compensation claim, the Department moved to demote her.

34. By letter dated May 29, 2026, signed by Hope Gartman, the Department notified Plaintiff that she was being demoted from her Assistant Warden position to the position of Senior Classification Officer at Hardee Correctional Institution, effective June 5, 2026.

35. The demotion reduced Plaintiff's biweekly salary to $2,190.30, a reduction of approximately $44,000.00 per year, and moved her from Selected Exempt Service to Career Service probationary status.

36. The stated basis for the demotion included alleged violations of Department rules such as "conduct unbecoming a public employee," a failure to maintain a proper level of professionalism, and a failure to follow oral or written instructions. The demotion letter advised Plaintiff that, as a Selected Exempt Service employee, she had no right of appeal to the Public Employees Relations Commission.

37. Plaintiff's alleged infractions involved the direct tone of emails that she sent to certain staff members to address substandard, erroneous, and unacceptable work requiring correction. As the Assistant Warden of Programs, Plaintiff was the final reviewing authority for that work, and the errors she identified, if left uncorrected, could have resulted in an inmate being released who should not have been released. Plaintiff's principal concern was public safety.

38. On June 2, 2026, Plaintiff was summoned to the Florida Women's Reception Center, where she was advised of the pending demotion; the meeting did not take place at Polk Correctional Institution.

39. During the June 2, 2026 meeting, Assistant Regional Director of Programs Joseph Edwards advised Plaintiff that the Department no longer permitted overlap positions and that Hardee Correctional Institution was the closest facility in the region with an open Senior Classification Officer position.

40. The reassignment to Hardee Correctional Institution would have required Plaintiff to commute approximately two hours and nineteen minutes, and roughly 130 miles, each way, from her home in Rockledge, Florida, five days per week.

41. Confronted with a two-step demotion, a substantial reduction in pay, the loss of her exempt status, and an untenable daily commute, and left with no right of appeal, Plaintiff was left with no reasonable option but to separate from her employment.

42. Rather than accept these conditions, Plaintiff was forced to resign effective June 4, 2026, and to file for retirement through the Florida Retirement System. Plaintiff characterizes this separation as a forced resignation and constructive discharge.

43. The Department's stated justification for the reassignment was pretextual and was contradicted by combined promotional/lateral lists the Department distributed after Plaintiff's separation.

44. The July 1, 2026 list reflected Raymond Santiago's promotion to Colonel at Sumter Correctional Institution, a position that at the time overlapped with Colonel Mikelanne Lahr, and Crystal Snead's promotion to Classification Supervisor at Lake Correctional Institution, a position that at the time overlapped with Classification Supervisor Amy Perkins.

45. The September 4, 2026 list reflected Timmy Robinson's lateral placement into the Warden position at Hernando Correctional Institution, which at the time overlapped with Warden Tamara Poynter.

46. These overlapping placements directly contradict the justification the Department gave Plaintiff for her reassignment.

47. The disparity between the treatment of Plaintiff and that of a similarly situated male employee is stark. Charles Welch, a male Assistant Warden of Operations, was involved in an at-fault fatal motor-vehicle accident in which a motorcyclist was killed, and he was charged in connection with the accident.

48. Following that accident, the sentencing judge suspended Mr. Welch's driver's license for two years. Mr. Welch failed to notify the Department of the suspension and continued driving to and from work and elsewhere on the suspended license, and the suspension came to the Department's attention only after the Department received information from the Florida Department of Highway Safety and Motor Vehicles.

49. Although Mr. Welch was initially recommended for the same two-step demotion that Plaintiff faced, he ultimately received only a one-day suspension despite the severity of his conduct.

50. On a separate occasion, Mr. Welch received only a one-day suspension or written reprimand for improperly occupying two state houses simultaneously, conduct that is strictly prohibited by the Department. By

contrast, a female warden, Amelia (Hill) Thomas, who had no prior discipline, was demoted from Warden to Assistant Warden for the identical infraction of occupying two state residences.

51. Since her forced resignation, Plaintiff has suffered significant financial, professional, and emotional harm. She was compelled to retire approximately fourteen years earlier than she had planned, at age fifty-three rather than at her planned retirement age of sixty-seven.

52. As a result of her forced early retirement, Plaintiff's monthly Florida Retirement System pension is substantially lower than she had anticipated, and Plaintiff estimates the resulting pension disparity at approximately $200,000.00.

53. Plaintiff's State of Florida health insurance ended following her separation, and the cost of COBRA continuation coverage was prohibitively expensive, leaving Plaintiff currently uninsured. Her Health Savings Account funds have also been exhausted.

54. While she was still employed and insured, a mammogram identified a mass in Plaintiff's left breast and Plaintiff underwent a biopsy, incurring approximately $1,800.00 in out-of-pocket expenses. The biopsy was benign, but her physician directed follow-up mammograms every six

months. Because she had lost her health insurance and could not afford COBRA, Plaintiff was forced to cancel a medically recommended follow-up appointment scheduled after her separation.

55. Plaintiff has experienced emotional distress and a spike in her blood pressure as a direct result of the Department's conduct.

56. The Department's sustained pattern of conduct toward Plaintiff, including the disparate and more favorable treatment of her male comparator, the pretextual justification for her demotion and reassignment, and the timing of the adverse action following her workers' compensation claim, constitutes unlawful sex discrimination, constructive discharge, and retaliation under applicable federal and state law.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## Sex/Gender Discrimination

57. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 56 of this Complaint as though fully set forth herein.

58. Plaintiff is a female and, therefore, a member of a protected class under Title VII.

59. At all times material herein, Defendant employed Plaintiff and

was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

60. At all times material herein, Plaintiff was qualified for her position and performed the essential functions of her job. Plaintiff served the Department for approximately thirty years, advanced from an entry-level clerical role to Assistant Warden of Programs, and her overall annual performance evaluation rating was never below "meets expectations."

61. Defendant subjected Plaintiff to adverse employment actions, including a written reprimand, a two-step demotion from Assistant Warden to Senior Classification Officer, a reduction in pay of approximately $44,000.00 per year, the loss of her Selected Exempt Service status, and reassignment to a distant facility requiring an untenable daily commute.

62. Defendant treated a similarly situated male employee outside Plaintiff's protected class more favorably. Charles Welch, a male Assistant Warden of Operations, engaged in conduct far more serious than anything attributed to Plaintiff, including an at-fault fatal motor-vehicle accident for which he was charged, driving for an extended period on a suspended license without notifying the Department, and separately occupying two state residences simultaneously in violation of Department policy. Although Mr. Welch was initially recommended for the same two-step demotion that

Plaintiff faced, he ultimately received only a one-day suspension.

63. The disparity in discipline is further demonstrated by Defendant's treatment of Amelia (Hill) Thomas, a female warden with no prior discipline who was demoted for the very same infraction, occupying two state residences, for which Mr. Welch received only a one-day suspension or written reprimand.

64. Plaintiff's sex was a motivating factor in Defendant's decision to subject Plaintiff to different terms and conditions of employment.

65. Defendant's stated reasons for the adverse actions taken against Plaintiff were false, pretextual, insufficient, selectively enforced, and/or not the real reasons for its actions, as demonstrated, among other things, by the Department's continued use of overlap positions reflected in the combined promotional/lateral lists distributed after Plaintiff's separation.

66. Defendant, through its supervisors, managers, and agents, knew or should have known of the sex discrimination and failed to take prompt and effective remedial action.

67. Defendant's actions constitute discrimination in violation of Title VII.

68. As a direct, proximate, and foreseeable result of Defendant's

aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity and a reduced pension; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, and other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, ANGELA D. WILLIAMS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, by discriminating against Plaintiff based on her sex/gender;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related

benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C. Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D. Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E. Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F. Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G. Grant such other and further relief as this Court may deem equitable, just, and proper.

**COUNT II**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11**
**Sex/Gender Discrimination**

69. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 56 of this Complaint as though fully set forth herein.

70. Plaintiff is a female and is a member of a protected class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of her gender.

71. At all times material herein, Defendant employed Plaintiff and was and is an "employer" within the meaning of the FCRA.

72. Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

73. At all times material herein, Plaintiff was qualified for her position and performed the essential functions of her job, having served the

Department for approximately thirty years with overall annual performance evaluation ratings never below "meets expectations."

74. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful discrimination based on Plaintiff's gender, including a written reprimand, a two-step demotion, a reduction in pay of approximately $44,000.00 per year, the loss of her Selected Exempt Service status, and reassignment to a distant facility requiring an untenable daily commute.

75. As her employer, Defendant was obligated to guard against the disparate treatment and discrimination of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from discrimination in the workplace.

76. Defendant treated a similarly situated male employee, Charles Welch, far more favorably than Plaintiff, disciplining Plaintiff far more harshly than her male counterpart for far less serious conduct, and disciplining a female warden, Amelia (Hill) Thomas, more harshly than Mr. Welch for the identical infraction.

77. Defendant's stated reasons for the adverse actions taken against

Plaintiff were pretextual, as demonstrated, among other things, by the Department's continued use of overlap positions reflected in the combined promotional/lateral lists distributed after Plaintiff's separation.

78. Defendant violated the FCRA by, among other things, subjecting Plaintiff to disparate treatment and discrimination because of her gender and by failing to promptly correct the discriminatory conduct toward Plaintiff once it learned of it.

79. Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

80. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

81. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity and a reduced pension; (c) noneconomic

damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, ANGELA D. WILLIAMS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her gender;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C. Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent,

and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D. Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E. Award Plaintiff pre- and post-judgment interest;

F. Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G. Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## Constructive Discharge

82. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 56 of this Complaint as though fully set forth herein.

83. Plaintiff is a female and, therefore, a member of a protected class under Title VII.

84. At all times material herein, Defendant employed Plaintiff and was an "employer" within the meaning of Title VII.

85. A constructive discharge occurs where an employer subjects an employee to working conditions so intolerable that a reasonable person in the employee's position would feel compelled to resign.

86. Defendant imposed upon Plaintiff a two-step demotion, a reduction in pay of approximately $44,000.00 per year, the loss of her Selected Exempt Service status, and reassignment to a facility roughly 130 miles and more than two hours from her home, with no right of appeal.

87. The justification offered for the reassignment, that the Department no longer permitted overlap positions, was pretextual, as demonstrated by the combined promotional/lateral lists distributed after Plaintiff's separation, which reflected overlapping placements involving Raymond Santiago at Sumter Correctional Institution, Crystal Snead at Lake Correctional Institution, and Timmy Robinson at Hernando Correctional Institution.

88. These intolerable working conditions were imposed because of Plaintiff's sex/gender and were more severe than those imposed on a similarly situated male employee who engaged in far more serious

misconduct.

89. The working conditions Defendant imposed upon Plaintiff were so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign, and Plaintiff in fact felt compelled to resign.

90. Faced with these intolerable conditions, Plaintiff had no reasonable alternative but to separate from her employment, and her resignation effective June 4, 2026, therefore constitutes a constructive discharge attributable to Defendant in violation of Title VII.

91. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity and a reduced pension; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, and other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, ANGELA D. WILLIAMS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, and in favor of

Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, by constructively discharging Plaintiff because of her sex/gender;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the constructive discharge to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the constructive discharge she has endured;

C. Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's conduct and actions pursuant to Title VII;

D. Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII,

according to proof;

E. Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F. Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G. Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11
## Constructive Discharge

92. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 56 of this Complaint as though fully set forth herein.

93. Plaintiff is a female and is a member of a protected class under the FCRA, §§ 760.01-760.11, Florida Statutes, by way of her gender.

94. At all times material herein, Defendant employed Plaintiff and was and is an "employer" within the meaning of the FCRA.

95. A constructive discharge occurs where an employer subjects an employee to working conditions so intolerable that a reasonable person in

the employee's position would feel compelled to resign.

96. Defendant imposed upon Plaintiff a two-step demotion, a reduction in pay of approximately $44,000.00 per year, the loss of her Selected Exempt Service status, and reassignment to a facility roughly 130 miles and more than two hours from her home, with no right of appeal.

97. The justification offered for the reassignment, that the Department no longer permitted overlap positions, was pretextual, as demonstrated by the combined promotional/lateral lists distributed after Plaintiff's separation, which reflected overlapping placements involving Raymond Santiago at Sumter Correctional Institution, Crystal Snead at Lake Correctional Institution, and Timmy Robinson at Hernando Correctional Institution.

98. These intolerable working conditions were imposed because of Plaintiff's gender and were more severe than those imposed on a similarly situated male employee who engaged in far more serious misconduct.

99. The working conditions Defendant imposed upon Plaintiff were so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign, and Plaintiff in fact felt compelled to resign.

100. Faced with these intolerable conditions, Plaintiff had no

reasonable alternative but to separate from her employment, and her resignation effective June 4, 2026, therefore constitutes a constructive discharge attributable to Defendant in violation of the FCRA.

101. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity and a reduced pension; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, ANGELA D. WILLIAMS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by constructively discharging Plaintiff because of her gender;

B. Award sufficient remedial relief to make Plaintiff whole for the

individual loss that she has suffered because of the constructive discharge to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the constructive discharge she has endured;

C. Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D. Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E. Award Plaintiff pre- and post-judgment interest;

F. Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G. Grant such other and further relief as this Court may deem

equitable, just, and proper.

**COUNT V**
**WORKERS' COMPENSATION RETALIATION**
**Violation of § 440.205, Florida Statutes**

102. Plaintiff re-alleges and re-adopts Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

103. Plaintiff brings an action under the Workers' Compensation Law, § 440.205, Florida Statutes, for unlawful retaliation.

104. On April 16, 2026, Plaintiff chipped and cracked a tooth on a bone while eating lunch at a mandatory work meeting, and she filed a workers' compensation claim regarding this injury.

105. Plaintiff engaged in protected activity when she filed a workers' compensation claim in connection with her April 16, 2026 injury.

106. Within weeks of Plaintiff's protected activity, the Department moved to demote Plaintiff, issuing a demotion letter dated May 29, 2026, and advising her of the pending demotion on June 2, 2026.

107. The close temporal proximity between Plaintiff's protected activity and the adverse action taken against her supports a strong inference of retaliatory intent, particularly where, as here, the stated justification for the adverse action was pretextual and a similarly situated male employee

who engaged in far more egregious conduct escaped comparable discipline.

108. Plaintiff's two-step demotion, substantial pay cut, reassignment to a distant facility, and resulting constructive discharge were retaliatory actions taken by Defendant against Plaintiff for filing a workers' compensation claim in violation of § 440.205, Florida Statutes.

109. As a direct, proximate, and foreseeable result of Defendant's conduct, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, a reduced pension, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, and other tangible and intangible damages. These damages have occurred in the past and are permanent and continuing.

WHEREFORE, Plaintiff, ANGELA D. WILLIAMS, respectfully demands judgment against Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, and requests this Honorable Court enter an Order making her whole by awarding the following relief:

A. Compensation for lost wages, benefits, and other remuneration;

B. Front pay;

C. Compensatory damages, including emotional distress,

allowable at law;

D. Prejudgment interest on all monetary recovery obtained;

E. Damages for all employment benefits she would have received but for the retaliatory acts and practices of Defendant;

F. Reasonable attorney's fees and costs incurred in this action; and

G. For such further relief as the Court deems just and equitable.

**DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury.

Date this 6th day of October 2026.

*/s/ Jason W. Imler, Esq.*
Jason W. Imler
Florida Bar No. 1004422
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Attorneys for Plaintiff